24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re: Lew Stewart MCGINNIS, dba: Lew McGinnis Co., Debtor.
Lew S. McGINNIS; Michael R. Mastro, Appellant,
v.
Kelly MCGINNIS; Danny McGinnis, Appellees.
 No. 93-36087.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Mastro and Lew McGinnis (bankruptcy debtor), hereinafter "Lew", appeal the Bankruptcy Appellate Panel's (BAP) order reversing the bankruptcy court's summary judgment for Mastro and McGinnis in an adversary action brought by McGinnis's children, Kelly and Dan McGinnis. The McGinnis children are seeking to invalidate an agreement subordinating their liens on real property owed by the debtor, Lew McGinnis, to those of Mastro. We have jurisdiction under 28 U.S.C. Sec. 158. We review de novo a Bankruptcy Appellate Panel decision, Vanderpark Properties, Inc. v. Buchbinder (In re Windmill Farms, Inc.), 841 F.2d 1467, 1469 (9th Cir.1988), and we affirm.
 
 
 3
 Lew contends that BAP erred by holding that a debtor-in-possession is subject to the same statute of limitations as an appointed trustee under the language of 11 U.S.C. Sec. 546(a)(1). This contention lacks merit.
 
 
 4
 Section 546(a) of the Bankruptcy Code provides that actions brought under a variety of bankruptcy code provisions "may not be commenced after the earlier of 1) two years after the appointment of a trustee ... or 2) the time the case is closed or dismissed." 11 U.S.C. Sec. 546(a). This court in Upgrade Corp. v. Government Tech. Svcs., Inc. (In re Softwaire Centre Int'l, Inc.), 994 F.2d 682, 683-84 (9th Cir.1993), following the reasoning of Zilkha Energy Co. v. Leighton, 920 F.2d 1520, 1523-24 (10th Cir.1990), construed section 546(a) in light of 11 U.S.C. Sec. 1107(a), which says that debtors-in-possession shall have the same powers and limitations as trustees. This court determined that section 546(a)'s limitations apply to debtors-in-possession as well as to trustees. Softwaire, 994 F.2d at 683. This court reasoned that Congress intended to limit actions filed by a debtor-in-possession to two years because section 1107 " 'places a debtor in possession in the same shoes of a trustee in every way.' " 994 F.2d at 683. This court concluded that the statute of limitations period begins to run for a debtor-in-possession on the date a petition for reorganization under Chapter 11 is filed. Id.
 
 
 5
 Here, Lew is the debtor-in-possession. On October 16, 1986, Lew filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, District of Oregon. The McGinnis children filed a complaint seeking a judgment declaring the Deeds of Trust to be valid, properly perfected, and to have priority over the Deed of Trust of Michael Mastro and declaring the subordination agreement to be invalid. On August 22, 1991, Lew answered Kelly and Danny McGinnis' complaint and alleged that their liens were unperfected under Washington law and invalid pursuant to 11 U.S.C. Sec. 544. Because more than two years had passed between the filing of the Chapter 11 petition and Lew's claim, Lew's avoidance action is time-barred. See Softwaire, 994 F.2d at 683. Under section 546(a), Lew, as a debtor-in-possession, is precluded from exercising his section 544 powers. See id. Therefore, the BAP properly reversed the district court's grant of summary judgment on the ground that Lew's claim was barred by the two-year statute of limitations.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument and denies the request for an en banc hearing. Fed.R.App.P. 34(a), 35(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3