**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ROBERT LYNN SCHOLZ; CAROLYN GAIL SCHOLZ, *Debtors*, | No. 11-60023 |
| | BAP No. 10-1153 |
| MICHAEL HUGH MEYER, Chapter 13 Trustee, *Appellant*, | OPINION |
| v. | |
| UST - UNITED STATES TRUSTEE, SACRAMENTO; ROBERT LYNN SCHOLZ; CAROLYN GAIL SCHOLZ, *Appellees*. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Zive, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted
August 10, 2012—San Francisco, California

Filed November 15, 2012

Before: Consuelo M. Callahan and Paul J. Watford,
Circuit Judges, and James K. Singleton,
Senior District Judge.[*]

Opinion by Judge Watford

---

## SUMMARY[**]

---

Reversing a decision of the Bankruptcy Appellate Panel, the panel held that debtors could not exclude a Railroad Retirement Act annuity when calculating their "projected disposable income," which determined the amount they were required to repay creditors to qualify for chapter 13 relief.

The panel held that even though the Bankruptcy Appellate Panel's decision remanded the case to the bankruptcy court and therefore was not final as a technical matter, the decision was reviewable because judicial efficiency weighed in favor of the assertion of appellate jurisdiction, and the panel's resolution of the issue would not interfere with the bankruptcy court's fact-finding role.

Applying a trust law understanding of the statute pursuant to *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979), the panel held that the Railroad Retirement Act's anti-anticipation

---

[*] The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

clause, which provides that the payment of an annuity shall not be "anticipated," refers to premature receipt of payment, and thus does not preclude the inclusion of Railroad Retirement Act annuity payments in chapter 13 debtors' projected disposable income.

---

**COUNSEL**

Brent D. Meyer, Meyer Law Group, LLP, San Francisco, California, for the trustee-appellant.

Gary Huss, Law Offices of Gary Huss, Fresno, California, for the debtors-appellees.

Henry E. Hildebrand, III, Standing Chapter 13 Trustee for the Middle District of Tennessee, Nashville, Tennessee, for amicus curiae National Association of Chapter 13 Trustees.

---

**OPINION**

WATFORD, Circuit Judge:

Robert and Carolyn Scholz have filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. The question before us is whether the Scholzes may exclude an annuity Mr. Scholz receives under the Railroad Retirement Act of 1974 (RRA) when calculating their "projected disposable income," which determines the amount they must repay creditors to qualify for Chapter 13 relief. The Scholzes contend the annuity must be excluded because the RRA provides that payment of such annuities shall not be

"anticipated." In the Scholzes' view, calculating their projected disposable income based on the expectation that Mr. Scholz will continue to receive the annuity "anticipates" its payment and is therefore barred by the RRA. In our view, that reading of the statute is foreclosed by the Supreme Court's construction of the term "anticipated" in *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979).

**I**

The relevant facts may be briefly summarized. Mr. Scholz, a retired railroad employee, receives annuity income under the RRA of several thousand dollars per month. When the Scholzes filed their Chapter 13 petition, they were required to calculate their "current monthly income," which is defined as "the average monthly income from all sources that the debtor receives" during the six-month period before the bankruptcy filing, subject to several exclusions. 11 U.S.C. § 101(10A). The Scholzes excluded Mr. Scholz's RRA annuity when calculating their current monthly income. The bankruptcy court agreed, over an objection by the trustee, that this exclusion was proper. *See In re Scholz*, 427 B.R. 864, 870-72 (Bankr. E.D. Cal. 2010).

The exclusion of Mr. Scholz's RRA annuity from "current monthly income" was significant because that figure is used as the baseline for calculating a debtor's "disposable income" – the amount the debtor has left after paying specified expenses each month. *See* 11 U.S.C. § 1325(b)(2). The amount of a debtor's "disposable income," in turn, will often have an important bearing on the terms of the repayment plan that the bankruptcy court must approve. For if the debtor's proposed plan does not pay unsecured creditors in full, and

either the trustee or any unsecured creditor objects, the bankruptcy court may not approve the plan unless the debtor agrees to pay all of the debtor's "projected disposable income" to unsecured creditors over the duration of the plan. *Id.* § 1325(b)(1).

After the bankruptcy court confirmed the Scholzes' proposed plan, the trustee appealed. The Bankruptcy Appellate Panel of the Ninth Circuit (BAP) held that the bankruptcy court had erred by excluding Mr. Scholz's RRA annuity when calculating the Scholzes' current monthly income. *Meyer v. Scholz (In re Scholz)*, 447 B.R. 887, 893-94 (B.A.P. 9th Cir. 2011). The BAP reasoned that, had Congress intended to exclude RRA annuity income from the calculation of current monthly income, it could have provided an express exclusion for such income, as it has for other sources of retirement income, such as Social Security benefits. Congress's failure to do so, the BAP reasoned, precludes courts from creating new, nonstatutory exclusions. *Id.* at 891-92. Both the trustee and the Scholzes now agree that the BAP's ruling on this point is correct.

Ordinarily, including a source of income in the calculation of current monthly income means that source will be included in the calculation of projected disposable income as well. But the BAP thought RRA annuity income had to be treated differently, based on what we will call the RRA's "anti-anticipation clause." That clause, italicized below, provides as follows:

> [N]otwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental

annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, *nor shall the payment thereof be anticipated*.

45 U.S.C. § 231m(a) (emphasis added). The BAP held that including RRA annuity income in the calculation of a debtor's projected disposable income would "anticipate" payment of the annuity and is therefore barred by the RRA's anti-anticipation clause. *Scholz*, 447 B.R. at 895-96.

**II**

Before addressing the merits of this holding, we must first decide whether the BAP's ruling is reviewable. We have jurisdiction to review "all final decisions, judgments, orders, and decrees" issued by the BAP. 28 U.S.C. § 158(d)(1). The BAP's decision here is not final as a technical matter, because it remands the case to the bankruptcy court for further factual findings – namely, recalculation of (1) the Scholzes' current monthly income with Mr. Scholz's RRA annuity included, and (2) their projected disposable income with the annuity excluded. *See DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1250 (9th Cir. 1995). But our case law permits a "flexible approach to jurisdiction in the context of bankruptcy appeals." *Congrejo Invs., LLC v. Mann (In re Bender)*, 586 F.3d 1159, 1163 (9th Cir. 2009). In determining whether to assert jurisdiction, we consider: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Id.* at 1164 (internal

quotation marks omitted). After considering these factors, we are persuaded that the exercise of appellate jurisdiction is proper here.

The second and third factors identified in *Bender* weigh in favor of exercising jurisdiction. Because this appeal concerns a purely legal issue that does not turn in any way on the factual record, our resolution of the issue will not interfere with the bankruptcy court's fact-finding role. Furthermore, resolution at this juncture will increase judicial efficiency by ensuring that, upon remand, the bankruptcy court will need to calculate the Scholzes' projected disposable income only once. We have found jurisdiction proper in similar circumstances when resolution of a central legal issue would "materially aid the bankruptcy court in reaching its disposition on remand." *Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1145-46 (9th Cir. 2004) (asserting jurisdiction over an appeal concerning the availability of a particular form of damages to ensure that the bankruptcy court would perform the correct calculation on remand).

With respect to the remaining two factors, neither party has raised the prospect of irreparable harm, and there is no particular risk of piecemeal litigation because the bankruptcy court's task on remand would have been primarily a computational one. We see no indication that the bankruptcy court's recalculation of the Scholzes' current monthly income and projected disposable income would be likely to generate new issues for appeal. *See Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1171-72 (9th Cir. 2003) (asserting jurisdiction over an appeal from an order remanding for calculation of the amount the debtor could

reasonably pay per month without suffering undue hardship). Accordingly, there are substantial benefits to exercising jurisdiction now and no apparent countervailing reasons for declining to do so.

## III

We can now turn back to the statute at issue. The RRA states, as noted before, that payment of RRA annuities may not be "anticipated." 45 U.S.C. § 231m(a). The term "anticipated" is not defined, and no legislative history sheds light on its meaning. The Scholzes urge us to construe the term in this sense: We "anticipate" something by expecting a future event to occur and acting in accordance with that expectation. (For example, we might "anticipate" a pay raise at the end of the year by moving into a more expensive apartment.) If that definition were applied here, a court would impermissibly "anticipate" RRA annuity income by expecting that income to be paid in the future and calculating projected disposable income in accordance with that expectation.

In our view, the Scholzes' construction of the statute is foreclosed by the Supreme Court's decision in *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979). There, the Court held that Congress used "anticipated" not in the sense the Scholzes urge, but instead in a more specialized sense borrowed from the law of trusts. Under trust law, the Court explained, "a prohibition against anticipation is commonly understood to mean that 'the interest of a sole beneficiary shall not be paid to him before a certain date.'" *Id.* at 588 (quoting ERWIN NATHANIEL GRISWOLD, SPENDTHRIFT TRUSTS § 512 (2d ed. 1947)); *see also* RESTATEMENT (SECOND) OF TRUSTS § 168 (1959) (anticipation of income means receiving it "before the

time when by the terms of the trust [the beneficiary] is entitled to the enjoyment of such income"); BLACK'S LAW DICTIONARY 108 (9th ed. 2009) (defining "anticipation" as "[t]he distribution or receipt of trust income before it is due").

The Supreme Court applied this trust law understanding of "anticipated" in *Hisquierdo*, and made clear that it refers to premature receipt of payment. The Hisquierdos were involved in a divorce proceeding in which Mrs. Hisquierdo sought to claim a community property interest in the RRA benefits her husband would begin receiving after he retired. *Hisquierdo*, 439 U.S. at 578-79. She argued that her community property interest could be satisfied by an offsetting award of presently available community property. *Id.* at 588. The Court held that the RRA's anti-anticipation clause barred such an award. Under the trust law definition of "anticipated," the offsetting award Mrs. Hisquierdo sought "would improperly anticipate payment by allowing her to receive her interest *before the date Congress has set for any interest to accrue*." *Id.* at 589 (emphasis added).

Taking RRA annuity income into account when calculating a debtor's projected disposable income does not "anticipate" that income in the trust law sense of the term. Doing so merely allows the bankruptcy court to calculate the amount of future income a debtor will in fact have available after deducting specified expenses to repay creditors. Requiring debtors to pay unsecured creditors all of their projected disposable income over the duration of the repayment plan – even if that figure includes future RRA annuity income – does not allow the debtor or the debtor's creditors to receive RRA annuity payments "before the date Congress has set for any interest to accrue." *Id.* The debtor

simply makes payments to unsecured creditors each month in accordance with the terms of the plan, using the debtor's "regular income" to do so. 11 U.S.C. § 109(e) (limiting eligibility for Chapter 13 relief to debtors with "regular income"). There is no sense in which RRA annuity payments are "anticipated" as that term is used in 45 U.S.C. § 231m(a).

Contrary to the Scholzes' suggestion, the holding of *Hamilton v. Lanning*, 130 S. Ct. 2464 (2010), has no bearing on the outcome of this case. The Supreme Court there resolved a circuit split over whether bankruptcy courts calculating projected disposable income have the discretion to make adjustments based on expected changes in future income, or instead must mechanically calculate a debtor's past average monthly disposable income and multiply it by the number of months in the plan. *Id.* at 2471. The Court adopted the former "forward-looking approach," instructing courts to start with the presumption that the mechanically calculated figure is correct but to use their discretion to take into account "known or virtually certain information about the debtor's future income or expenses." *Id.* at 2475. That holding would be relevant only if future changes to the Scholzes' financial circumstances were "known or virtually certain," as might be the case, for example, if it were known or virtually certain that Mr. Scholz's RRA annuity would be terminated in the future. But no such argument has been made here.

In sum, we hold that 45 U.S.C. § 231m(a) does not require courts to exclude RRA annuity income when calculating a debtor's "projected disposable income" under 11 U.S.C. § 1325(b). Mr. Scholz's RRA annuity income must be

included when calculating the Scholzes' projected disposable income on remand.

**REVERSED and REMANDED.**