**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: MOHAMMAD REZA SALEHI, <br><br> Debtor, | No. 14-60040 <br><br> BAP No. 13-1171 |
| GLOBAL AUTOMOTIVE GROUP, INC., <br><br> Appellant, <br><br> v. <br><br> MOHAMMAD REZA SALEHI, <br><br> Appellee. | MEMORANDUM[*] |

Appeal from the Ninth Circuit Bankruptcy Appellate Panel
Taylor, Jury, and Kurtz, Bankruptcy Judges, Presiding

Submitted May 10, 2016[**]
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

A review of the record and Global Automotive Group, Inc.'s ("Global") response to this court's March 23, 2016, order to show cause demonstrate that our court lacks jurisdiction over this appeal. We have "jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees" of the Bankruptcy Appellate Panel ("BAP"). 28 U.S.C. § 158(d) (emphasis added). The BAP decision that Global appeals is not final or appealable within the meaning of § 158(d). Consequently, this appeal is dismissed for lack of jurisdiction.

1. In 2012, Mohammad Reza Salehi ("Salehi") filed a voluntary petition for Chapter 7 bankruptcy. Global, which was Salehi's largest creditor, filed a complaint for denial of dischargeability, and subsequently amended it. Global alleged that Salehi had concealed, destroyed, mutilated, falsified, or failed to keep necessary business records, so the debt was nondischargeable under 11 U.S.C. § 727(a)(3). Global also alleged that Salehi had failed to explain satisfactorily any loss of assets or deficiency of assets to meet his liabilities, so the debt was nondischargeable under 11 U.S.C. § 727(a)(5).

The bankruptcy court found that undisputed facts proved Global's allegations and entered summary judgment in favor of Global. The BAP reversed. It found that genuine disputes of material fact precluded the entry of summary judgment on either of Global's claims. These disputes included whether Salehi's

2

relationship with two automobile dealerships was of a nature that would make him responsible for maintaining their business records; whether to credit the declaration of Global's counsel that Salehi had disposed of "60 or so" vehicles and transferred the proceeds to his mother, or Salehi's competing declaration that he had been in immigration detention at this time, rendering him unable to sell vehicles; and the weight to be given to Salehi's ex-spouse's testimony against him, which Salehi disputed. On June 9, 2014, the BAP entered a memorandum disposition and judgment reversing the bankruptcy court for resolving factual disputes against Salehi, the nonmoving party, and ruling that Global failed to meet its burden on summary judgment. The result of the BAP's decision was to remand for findings on disputed material facts. Global appealed.

2.     Because this appeal is not final for purposes of 28 U.S.C. § 158(d), we lack jurisdiction. A decision of the BAP is generally not final where the BAP "remands for factual determinations on a central issue." *In re The Vill. at Lakeridge, LLC*, 814 F.3d 993, 998 n.7 (9th Cir. 2016) (citation omitted). However, we may assert jurisdiction over BAP decisions remanding for factual determinations in certain "rare instances" where there is an "important legal question that would likely dispose of the case and obviate the need for further factfinding." *In re Scovis*, 249 F.3d 975, 981 (9th Cir. 2001). In applying this "flexible approach" to finality, we

consider four factors, known as the *Vylene* factors: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Bender*, 586 F.3d 1159, 1164 (9th Cir. 2009) (citing *Vylene Enters., Inc. v. Naugles, Inc.*, 968 F.2d 887, 895–96 (9th Cir. 1992)).

All four *Vylene* factors weigh against our court's exercise of jurisdiction. This appeal presents a purely factual dispute involving credibility and evidentiary weight, and there is no overarching, narrowing legal issue. *See In re Scholz*, 699 F.3d 1167, 1170 (9th Cir. 2012) (stating that the second and third *Vylene* factors weigh in favor of the exercise of jurisdiction where "resolution of a central legal issue would materially aid the bankruptcy court in reaching its disposition on remand") (internal quotation marks and citation omitted). After all factual disputes have been resolved and the bankruptcy court has ruled, the losing party may appeal. If this court is called upon to intervene, it would be most efficient for it to do so just once, on a complete record. Thus, judicial efficiency, the need to avoid piecemeal litigation, and the systemic interest in preserving the bankruptcy court's role as factfinder disfavor the intervention of this court at this time. Global makes no showing that it will suffer irreparable harm if review is denied now. Thus,

Global fails to show that this is a "rare instance[]" in which a BAP judgment and disposition remanding for further factfinding may be deemed final for purposes of 28 U.S.C. § 158(d). *See In re Scovis*, 249 F.3d at 981.

3.     Nor is Global aided by the authority cited in its April 4, 2016, letter brief responding to the order to show cause. *In re McGinnis*, 24 F.3d 247 (9th Cir. 1994), is a non-precedential, non-citeable memorandum disposition. *See* Ninth Cir. Rule 36-3(c). In *In re Betacom of Phoenix, Inc.*, 240 F.3d 823 (9th Cir. 2001), the panel exercised jurisdiction under 28 U.S.C. § 158(d) when a district court acting in its bankruptcy appellate capacity reversed a grant of partial summary judgment based on a distinct, unsettled legal issue, i.e., whether an actual purchase or sale of securities is necessary to trigger mandatory subordination under 11 U.S.C. § 510(b). 240 F.3d at 826, 828–29. No such issue exists here. Although certain language in *In re Pizza of Hawaii*, 761 F.2d 1374 (9th Cir. 1985), may appear to suggest that a BAP decision reversing a final bankruptcy court order is always final, *see id.* at 1378, *Vylene* explained that *Pizza of Hawaii* implicitly "balanced the policies of avoiding piecemeal appeals and enhancing judicial efficiency," *see* 968 F.2d at 895. As discussed, these policies strongly disfavor the exercise of jurisdiction here, where there is no narrowing legal issue that will "materially aid the bankruptcy court in reaching its disposition on remand." *In re*

5

*Scholz*, 699 F.3d at 1171 (citation omitted). The success or failure of Global's claims for nondischargeability depend entirely upon disputed factual issues that must be resolved in the first instance by the bankruptcy court. *See In re Bender*, 586 F.3d at 1164–65.

For these reasons, the order to show cause is not discharged, and the appeal is dismissed for lack of jurisdiction.

**DISMISSED.**