**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  MERUELO MADDUX
PROPERTIES, INC.,

Debtor,

_____

EVOQ PROPERTIES, INC., FKA
Meruelo Maddux Properties, Inc.,

Appellant,

v.

RICHARD MERUELO,

Appellee.

No.    14-60063

BAP No. 13-1494

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted October 17, 2016
Pasadena, California

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  TALLMAN and CHRISTEN, Circuit Judges, and KENNELLY,[**] District Judge.

Richard Meruelo brought this action seeking severance pay after he was terminated as CEO and Chair of MMPI (which later became EVOQ).  Following MMPI's bankruptcy and subsequent confirmation of a reorganization plan, Meruelo's action argued that his severance pay should be treated as an administrative expense.  The bankruptcy court ruled that Meruelo did not have a substantive right to severance pay in contract or quantum meruit and denied his claim.  The Bankruptcy Appellate Panel (BAP) concluded that the bankruptcy court erred by not treating Meruelo's claim as an administrative expense and applying the wrong standard for such a claim under 11 U.S.C. § 503, but it did not address the threshold issue: whether Meruelo had a substantive right to severance pay.  We have jurisdiction under 28 U.S.C. § 158(d), and we reverse and remand.

1.      **Jurisdiction**

"We have jurisdiction to review final orders of the BAP under 28 U.S.C. § 158(d)." *Scovis v. Henrichsen* (*In re Scovis*), 249 F.3d 975, 980 (9th Cir. 2001). Although remand orders from the BAP are not ordinarily considered final, we take a "pragmatic" approach to finality in bankruptcy proceedings, given their "unique

---

[**]      The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

nature." *Id.* (quoting *Lundell v. Anchor Constr. Specialists*, 223 F.3d 1035, 1038 (9th Cir. 2000)). We consider several factors when addressing finality, including "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Id.*

All four factors weigh in favor of exercising jurisdiction here: (1) there is little danger of piecemeal litigation, as this appeal is unlikely to generate new issues in further proceedings; (2) exercising jurisdiction will conserve judicial resources by ensuring that the BAP and bankruptcy court address Meruelo's substantive rights on remand; (3) this appeal primarily concerns questions of law that do not intrude on the bankruptcy court's fact-finding role; and (4) delay will be avoided if the threshold issue is addressed before the parties litigate the priority of Meruelo's claim. Because "there are substantial benefits to exercising jurisdiction now and no apparent countervailing reasons for declining to do so," we exercise jurisdiction under 28 U.S.C. § 158(d). *In re Scholz*, 699 F.3d 1167, 1171 (9th Cir. 2012).

**2.    The bankruptcy court did not err by ruling that Meruelo did not have a substantive right to payment.**

The BAP reversed and remanded the bankruptcy court's decision because it concluded that the bankruptcy court applied the wrong standard for administrative expense claims under 11 U.S.C. § 503(b)(1)(A). But the BAP did not address the threshold issue of whether Meruelo had a substantive right to payment. For an administrative expense to be due, there must be an underlying right to payment recognized by state law, "spelled out by the contract or calculable as owed in quantum meruit." *Teamsters Local No. 310 v. Ingrum (In re Tucson Yellow Cab Co.)*, 789 F.2d 701, 703 (9th Cir. 1986). "Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefit[t]ing the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *Carolco Television Inc. v. Nat'l Broad. Co. (In re De Laurentiis Entm't Grp. Inc.)*, 963 F.2d 1269, 1272 (9th Cir. 1992).

The bankruptcy court did not err in ruling that Meruelo had no contractual right to severance pay because his executive employment agreement expired prior to his termination. Meruelo did not meet his burden of proving that he was entitled to severance pay under quantum meruit because he offered almost no evidence establishing the "reasonable value" of his services. *See id.*

Because the bankruptcy court did not err in ruling that Meruelo had no substantive right to severance pay in contract or quantum meruit, we reverse and remand to the BAP with instructions to reinstate the bankruptcy court's ruling.

Appellee shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(3).

**REVERSED AND REMANDED.**