**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE SHOLEM PERL,

*Debtor.*

No. 14-60039

BAP No.
13-1328

EDEN PLACE, LLC,

*Appellant*,

v.

SHOLEM PERL,

*Appellee.*

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Taylor, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted
August 31, 2015—Pasadena, California

Filed January 8, 2016

Before: Susan P. Graber, Johnnie B. Rawlinson,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Rawlinson;
Dissent by Judge Watford

## SUMMARY[*]

### Bankruptcy

On appeal from the Bankruptcy Appellate Panel, the panel reversed the bankruptcy court's determination that Eden Place, LLC, violated the automatic stay by evicting a chapter 13 debtor from a residential property.

The panel held that it had jurisdiction over the appeal. Because the case did not involve a remand, the panel applied the two-part finality test articulated in *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798 (9th Cir. 2012). The panel concluded that the bankruptcy court's decision (1) resolved and seriously affected substantive rights and (2) finally determined the discrete issue to which it was addressed.

On the merits, the panel concluded that the debtor had no legal or equitable interest remaining in the property at the time of his eviction. An unlawful detainer judgment and writ of possession entered pursuant to California Code of Civil Procedure § 415.46 bestowed legal title and all rights of possession upon Eden Place. Accordingly, Eden Place did not violate the automatic stay provisions of 11 U.S.C. § 362(a).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Dissenting, Judge Watford wrote that he would dismiss the appeal for lack of jurisdiction because the bankruptcy court's order, finding a stay violation but postponing until later a ruling on damages, could not be deemed final.

## COUNSEL

Ronald N. Richards (argued), Law Offices of Ronald Richards & Associates, APC, Beverly Hills, California; Howard N. Madris, Law Office of Howard N. Madris, APC, Beverly Hills, California, for Appellant.

No appearance for Appellee.

## OPINION

RAWLINSON, Circuit Judge:

Appellant Eden Place, LLC (Eden Place), appeals the decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's determination that Eden Place violated the automatic stay provisions of the Bankruptcy Code by evicting Debtor Sholem Perl (Perl) from a residential property. Because we conclude that Perl had no legal or equitable interest remaining in the property at the time of his eviction, we reverse the bankruptcy court's ruling that Eden Place violated the automatic stay.

## I.  BACKGROUND[1]

### A.  State Court Proceedings

Perl and a joint tenant owned a single-family duplex in Los Angeles, California.  After refinancing, Perl defaulted on his mortgage payments, and Bank of America instituted foreclosure proceedings.  The property was sold to Eden Place through a non-judicial foreclosure sale on March 20, 2013.  Eden Place timely recorded the trustee's deed nine days later.

Despite the legal transfer of title, Perl refused to vacate the premises.  Eden Place served Perl with a three-day notice to quit, and later served Perl with two unlawful detainer complaints, one for each side of the duplex.  In response, Perl filed a complaint against Eden Place to set aside the trustee's sale (Complaint to Set Aside Sale), and Eden Place filed a cross-complaint for damages, trespass, and interference with prospective economic advantage (Cross-Complaint), and a motion to expunge Perl's *lis pendens*.

On June 11, 2013, the state court entered judgment in favor of Eden Place on the unlawful detainer actions, resulting in a judgment for possession and restitution.  Three days later, the state court entered a Writ of Possession in favor of Eden Place.  Sometime between June 14 and June 24, the Los Angeles County Sheriff posted the lockout notice.  On June 19, the state court heard Perl's motion to stay the unlawful detainer proceedings and set various conditions for a stay.  Once Perl failed to meet the conditions, the unlawful

---

[1] The background facts are taken from the BAP's opinion.  *See Eden Place, LLC v. Perl (In re Perl)*, 513 B.R. 566, 568 (B.A.P. 9th Cir. 2014).

detainer judgment for possession remained in effect, culminating in eviction by the Sheriff.

### B. Bankruptcy Court Proceedings

Rather than complying with the state court requirements to stay the unlawful detainer proceedings, Perl filed a "skeletal" chapter 13 bankruptcy petition *pro se*. He failed to file any schedules, financial affairs statement, or proposed plan of reorganization. Although not listed as a creditor, Eden Place learned of the bankruptcy filing from Perl's counsel, who informed Eden Place that no exceptions to the automatic stay applied and that any eviction would violate the automatic stay.

Perl also filed a notice of removal in the three state court actions (Complaint to Set Aside Sale, Cross-Complaint, and Unlawful Detainer Actions). Because there was a previously scheduled state court hearing to expunge the *lis pendens* on the property, Eden Place sought to remand the three state court actions and also sought relief from the automatic stay (Stay Relief Motion). Eden Place argued, in the alternative, that the automatic stay did not apply because the property was not property of the estate. Specifically, Eden Place argued that, prior to the filing of the bankruptcy petition by Perl, Eden Place purchased the property at a trustee's sale, recorded the trustee's deed, and obtained a judgment and writ of possession.

Before the bankruptcy court held a hearing on the Stay Relief Motion, the Sheriff proceeded with the lockout and evicted Perl. As a result, Perl was unable to remove some of his personal belongings. Perl then filed an emergency motion to enforce the automatic stay, arguing that the eviction

interfered with protectable equitable interests based on his continued possessory interest in the premises.

Over Eden Place's objection, the bankruptcy judge determined that Perl's "bare possessory interest, coupled with the possibility of some sort of relief [from the pending litigation]" gave "the bankruptcy estate a protected interest that is subject to the automatic stay." Accordingly, the bankruptcy court determined that Eden Place had violated the automatic stay when it evicted Perl, and that the eviction was void. The bankruptcy court stayed its determination regarding contempt sanctions because Perl had not yet offered evidence of damages. Although Eden Place later filed a status report pursuant to the bankruptcy court's order, Perl never filed anything further in his bankruptcy case. Eventually, the bankruptcy case was dismissed for Perl's failure to appear at the creditor's meeting. Eden Place timely appealed the bankruptcy court's order to the BAP.

## C. BAP Proceedings

The BAP determined that it had jurisdiction over the appeal because Eden Place remained subject to a claim for damages based on the bankruptcy court's finding that Eden Place violated the automatic stay.

After examining its jurisdiction, the BAP turned to the "sole issue" before it: whether "at the time Perl filed his bankruptcy petition, he had any remaining interest in the Residence protected by the automatic stay." Applying California law, the BAP held that Perl's ownership interest was terminated prepetition when Eden Place purchased the property at the trustee's sale. Nevertheless, the BAP held that Perl had a recognizable equitable interest in the property by

virtue of his physical occupancy, notwithstanding the illegality of his continued occupancy.

The BAP noted that "changing the locks on the Residence, locking inside Perl's personal property, which was also property of the estate, was an act to exercise control over property of the estate in violation of" the automatic stay. Thus, the BAP affirmed the bankruptcy court's ruling, and Eden Place filed a timely appeal to this court.

## II. STANDARD OF REVIEW

"Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1173 (9th Cir. 2014) (citation omitted). "We review a bankruptcy court decision independently and without deference to the [BAP]'s decision. . . ." *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010) (citation omitted).

## III. DISCUSSION

### A. Jurisdiction - Finality

Before considering the merits of Eden Place's appeal, we first consider whether we have jurisdiction over the appeal. *See Sahagun v. Landmark Fence Co. (In re Landmark Fence Co.)*, 801 F.3d 1099, 1102 (9th Cir. 2015); *see also Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Vill. Resort, Ltd.)*, 81 F.3d 103, 105 (9th Cir. 1996). The bankruptcy court determined as a matter of law that Eden Place violated the automatic stay when it evicted Perl, but deferred its ruling on the contempt sanctions.

Subsequently, the bankruptcy case was dismissed because Perl failed to appear at the creditor's meeting. However, the bankruptcy court retained jurisdiction over "all issues arising under Bankruptcy Code" §§ 110 (penalties), 329 (attorney's fees), and 362 (automatic stay).

The BAP determined that it had jurisdiction because there was a final order from the bankruptcy court, and Eden Place remained subject to a claim for damages based on the bankruptcy court's determination that Eden Place violated the automatic stay. *See Eden Place, LLC v. Perl (In re Perl)*, 513 B.R. 566, 571 n.5 (B.A.P. 9th Cir. 2014). We agree.

We also have jurisdiction over appeals from final judgments and orders of the bankruptcy court. *See* 28 U.S.C. § 158(d). In determining what constitutes an appealable order in bankruptcy proceedings, we have adopted a "pragmatic approach." *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 769 (9th Cir. 2008) (citation omitted).

In *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015), the Supreme Court reaffirmed the principle that, for jurisdictional purposes, "[t]he rules are different in bankruptcy. . . ." In an ordinary civil case, a party may appeal the district court's judgment only under 28 U.S.C. § 1291 and only if the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74 (1981) (citation and internal quotation marks omitted). In bankruptcy cases, though, which typically are

appealed (as this one is) under 28 U.S.C. § 158(d),[2] a pragmatic approach is warranted; the court uses a more flexible standard. Orders in bankruptcy cases may be appealed immediately "if they finally dispose of discrete disputes within the larger case. . . ." *Bullard*, 135 S. Ct. at 1692 (citation omitted).[3] The Court went on to hold that an order declining to confirm a proposed repayment plan was not "final" because the debtor remained free to propose an alternative plan; the process of attempting to arrive at an approved plan that would allow the bankruptcy to move forward was fluid. *Id.* at 1690, 1693.

Our precedent has not been entirely pellucid regarding the flexible concept of finality in the bankruptcy context. In some instances, we have applied the following four-part test:

---

[2] An appellate court hearing an interlocutory appeal from a district court that is sitting in bankruptcy can apply 28 U.S.C. § 1292, *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992), but that exception does not apply here. This appeal comes from the BAP, not the district court.

[3] Before *Bullard*, we had made the same point.

> We have adopted a pragmatic approach to finality in bankruptcy because certain proceedings in a bankruptcy case are so distinctive and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right. Our approach emphasizes the need for immediate review, rather than whether the order is technically interlocutory.

*Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir. 2000) (citation, alteration, and internal quotation marks omitted).

> (1) the need to avoid piecemeal litigation;
> (2) judicial efficiency; (3) the systemic
> interest in preserving the bankruptcy court's
> role as the finder of fact; and (4) whether
> delaying review would cause either party
> irreparable harm.

*In re Landmark Fence*, 801 F.3d at 1102 (citation and internal quotation marks omitted); *see also Meyer v. U.S. Trustee (In re Scholz)*, 699 F.3d 1167, 1170 (9th Cir. 2012).

In other instances, we look to whether the bankruptcy court's decision:  "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012) (citation omitted); *see also Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1043 (9th Cir. 1997).

A survey of our precedent reveals that the four-part finality test articulated in *In re Landmark Fence* is utilized almost exclusively when determining the finality of a case involving a remand to the bankruptcy court.  *See In re Landmark Fence*, 801 F.3d at 1101–02; *see also In re Scholz*, 699 F.3d at 1170; *In re Lakeshore Vill.*, 81 F.3d at 104, 106; *Congrejo Invs., LLC v. Mann (In re Bender)*, 586 F.3d 1159, 1161, 1164 (9th Cir. 2009); *Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1171 (9th Cir. 2003); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1182, 1187 (9th Cir. 2003); *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 978, 980 (9th Cir. 2001); *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1038 (9th Cir. 2000); *Walthall v. United States*, 131 F.3d 1289, 1292–93 (9th Cir. 1997); *Bonner Mall P'ship v. U.S. Bancorp Mortg.*

*Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 902, 904 (9th Cir. 1993).

On the other hand, when the decision of the bankruptcy court is affirmed or reversed, rather than remanded, we have applied the two-part finality test articulated in *In re SK Foods*, 676 F.3d at 802. *See In re Rosson*, 545 F.3d at 769; *see also In re Lewis*, 113 F.3d at 1043; *Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 836 (9th Cir. 2008); *Schulman v. California (In re Lazar)*, 237 F.3d 967, 974, 985 (9th Cir. 2001); *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777, 780 (9th Cir. 1999); *New Life Health Ctr. Co. v. I.R.S. (In re New Life Health Ctr. Co.)*, 102 F.3d 428, 429 (9th Cir. 1996) (per curiam); *United States v. Stone (In re Stone)*, 6 F.3d 581, 583 (9th Cir. 1993); *Elliott v. Four Seasons Props. (In re Frontier Props., Inc.)*, 979 F.2d 1358, 1361, 1364 (9th Cir. 1992); *Turgeon v. Victoria Station Inc. (In re Victoria Station Inc.)*, 840 F.2d 682, 683–84 (9th Cir. 1988); *United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.)*, 833 F.2d 797, 798, 801 (9th Cir. 1987); *Farber v. 405 N. Bedford Dr. Corp. (In re 405 N. Bedford Dr. Corp.)*, 778 F.2d 1374, 1376–77 (9th Cir. 1985).

Because this case did not involve a remand, application of the two-part finality test is appropriate. *See In re SK Foods*, 676 F.3d at 802. Notwithstanding the fact that no financial penalty or sanction has yet been assessed against Eden Place, the bankruptcy court's determination that Eden Place violated the automatic stay is a substantive ruling with real effects, including money damages that could be sought by Perl indefinitely. *See Price v. Rochford*, 947 F.2d 829, 831–32 (7th Cir. 1991) (holding that a cause of action for violation of the automatic stay survives the termination of the bankruptcy

proceeding). The bankruptcy court's order determined the discrete issue of whether there was a stay violation, which was the only issue litigated in the bankruptcy proceedings and before the BAP. *See In re SK Foods*, 676 F.3d at 802 (discussing finality in the bankruptcy context). As a practical matter, resolution of this issue resolved the entire case and thereby qualifies as a final decision under our pragmatic approach to finality in the bankruptcy context. *See id.*

We respectfully part company with our dissenting colleague's view of the finality of the bankruptcy court's order, largely because the cases relied on by the dissent were decided in the context of general civil litigation rather than in the bankruptcy context, where "[t]he rules are different . . ." *Bullard*, 135 S. Ct. at 1692. Neither are we persuaded by the out-of-circuit authority cited in the dissent. Rather, we look to our precedent specifically addressing finality in the bankruptcy context. That precedent persuades us that the ruling by the bankruptcy court that Eden Place violated the automatic stay resolved the only issue in the case, and seriously affected substantive rights related to damages. There is no question that the discrete issue addressed by the bankruptcy court—violation of the automatic stay—has been definitively and finally resolved. Resolution of that issue is as final as it will ever be in this case.

We also look to the clear language of the bankruptcy appeals statute, which as the Supreme Court noted, "authorizes appeals as of right not only from final judgments in cases but from final judgments, orders, and decrees in cases and proceedings." *Id.* (quoting 28 U.S.C. § 158(a)) (alteration and internal quotation marks omitted). After considering our applicable precedent and the clear language of the statute, we hold that the bankruptcy court's order that

Eden Place violated the automatic stay was final and appealable. *See* 28 U.S.C. § 158(d).

### B. *Merits - Violation of Automatic Stay*

Having resolved the issue of finality, we now turn to the merits of this case—whether Eden Place violated the automatic stay. We start from the premise that the filing of a bankruptcy petition creates the bankruptcy estate, which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a)(1). The bankruptcy filing acts as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . ." 11 U.S.C. § 362(a)(3). The violation of the automatic stay inquiry determines whether the debtor, in isolation, has *any* protectable legal, equitable, or possessory interest. *See Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 587 (B.A.P. 9th Cir. 1995); *see also* 11 U.S.C. § 362(a)(3). Thus, the question in this case is whether Perl had any remaining legal or equitable possessory interest in the property after Eden Place properly recorded the trustee's deed from the non-judicial foreclosure sale, and after the state court fully adjudicated in the unlawful detainer proceedings Perl's remaining possessory interest in the premises. *See id.*

We look to state law to determine property interests in bankruptcy proceedings. *See Butner v. United States*, 440 U.S. 48, 54–55 (1979). We conclude that under California law, entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue. *See Vella v. Hudgins*, 572 P.2d 28, 30 (Cal. 1977).

The BAP correctly determined that Perl had no remaining legal interest in the property because, when Eden Place purchased the property at the foreclosure sale and recorded its deed within fifteen days of the sale, any legal interest Perl retained in the property was extinguished. *See Wells Fargo Bank v. Neilsen*, 178 Cal. App. 4th 602, 613–14 (2009), *as modified*; *see also* Cal. Civ. Code. § 2924h(c). But, the BAP went further, reasoning that Perl's unlawful possession bestowed equitable possessory rights upon him, which he retained until the Sheriff actually dispossessed him of the property by executing the writ of possession. *See In re Perl*, 513 B.R. at 574–76. However, whether Perl had actual possession of the property when he filed for bankruptcy has no bearing on whether he had a cognizable possessory interest in the property. In resolving this issue, the unlawful detainer statutory provisions are the point of departure for our analysis.

California's unlawful detainer statutory scheme was designed to adjudicate the right to possession of realty between a landlord and tenant when the tenant is in violation of the lease. *See Knowles v. Robinson*, 387 P.2d 833, 836–37 (Cal. 1963). The unlawful detainer provisions authorize a summary proceeding that adjudicates the right to immediate possession of the property. *See Vella*, 572 P.2d at 30. For this reason, claims regarding title to the property are not generally litigated in an unlawful detainer proceeding. *See id.* One exception to the rule that title is not generally determined in an unlawful detainer proceeding is found in California Code of Civil Procedure § 1161a, governing the right of possession by a party initiating an unlawful detainer proceeding after obtaining title at a nonjudicial foreclosure

sale.[4] *See id.* The exception allows for "a narrow and

---

[4] California Code of Civil Procedure § 1161a provides in relevant part:

> (b) In any of the following cases, a person who holds over and continues in possession of a manufactured home, mobilehome, floating home, or real property after a three-day written notice to quit the property has been served upon the person, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in Section 1162, may be removed therefrom as prescribed in this chapter:
>
>> (1) Where the property has been sold pursuant to a writ of execution against such person, or a person under whom such person claims, and the title under the sale has been duly perfected.
>>
>> (2) Where the property has been sold pursuant to a writ of sale, upon the foreclosure by proceedings taken as prescribed in this code of a mortgage, or under an express power of sale contained therein, executed by such person, or a person under whom such person claims, and the title under the foreclosure has been duly perfected.
>>
>> (3) Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.
>>
>> (4) Where the property has been sold by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.
>>
>> (5) Where the property has been sold in accordance with Section 18037.5 of the Health and Safety

sharply focused examination of title." *Id.*; *see also Mortg. Guarantee Co. v. Smith*, 50 P.2d 835, 836 (Cal. Ct. App. 1935) (noting that in actions brought under § 1161a, title is determined "as a necessary element of the remedy of unlawful detainer").

In California, an unlawful detainer proceeding is *quasi in rem* and, accordingly, a judgment rendered in an unlawful detainer proceeding is "not binding upon the world, but conclusive only between the parties and their privies." *Park v. Powers*, 42 P.2d 75, 79 (Cal. 1935). Pursuant to Code of Civil Procedure § 415.46,[5] no occupant of the premises retains any possessory interest of any kind following service of the writ of possession. *See* Cal. Code Civ. Proc. § 715.020(d) (explaining that "if the summons, complaint, and prejudgment claim of right to possession were served

> Code under the default provisions of a conditional sale contract or security agreement executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.

[5] California Code of Civil Procedure § 415.46 provides in relevant part:

> (a) In addition to the service of a summons and complaint in an action for unlawful detainer upon a tenant and subtenant, if any, as prescribed by this article, a prejudgment claim of right to possession may also be served on any person who appears to be or who may claim to have occupied the premises at the time of the filing of the action. Service upon occupants shall be made pursuant to subdivision (c) by serving a copy of a prejudgment claim of right to possession, as specified in subdivision (f), attached to a copy of the summons and complaint at the same time service is made upon the tenant and subtenant, if any.

upon the occupants in accordance with Section 415.46, no occupant of the premises, whether or not the occupant is named in the judgment for possession, may object to the enforcement of the judgment . . .")

We recognize that the BAP may have considered itself bound to follow its prior decision in *Williams v. Levi (In re Williams)*, 323 B.R. 691 (9th Cir. BAP 2005), and the cases upon which *In re Williams* relied. *See id.* at 699 (citing *Di Giorgio v. Lee (In re Di Giorgio)*, 200 B.R 664 (C.D. Cal. 1996), and *Westside Apartments, LLC v. Butler (In re Butler)*, 271 B.R. 867, 876–77 (Bankr. C.D. Cal. 2002)). However, we are not persuaded that those cases engaged in the proper analysis.

The earliest case espousing the reasoning adopted by the BAP is *In re DiGiorgio*. The DiGiorgios were the defendants in an unlawful detainer action. They subsequently entered into a Stipulation for Judgment, forfeiting the lease and providing for the issuance of a writ of possession. *See* 200 B.R. at 667. After the writ of possession was issued by the court, but before it was executed, the DiGiorgios filed a voluntary petition for bankruptcy. *See id.* Relying on California Code of Civil Procedure § 715.050, the Sheriff's Department indicated its intent to enforce the writ of possession without seeking relief from the automatic stay.[6]

---

[6] California Code of Civil Procedure § 715.050 provides in relevant part:

> Except with respect to enforcement of a judgment for money, a writ of possession issued pursuant to a judgment for possession in an unlawful detainer action shall be enforced pursuant to this chapter without delay, notwithstanding receipt of notice of the filing by the defendant of a bankruptcy proceeding.

In addition to ruling that § 715.050 was preempted by the Bankruptcy Code, the district court held that, although the DiGiorgios had no legal possessory interest in the tenancy at the time of the filing of the bankruptcy petition, they retained an equitable possessory interest by virtue of their continued physical presence. *See id.* at 670–71.

This holding was repeated in *In re Butler*, and adopted by the BAP in *In re Williams*, *see* 323 B.R. at 699. In *In re Butler*, the court relied upon California Civil Code § 1006. *See* 271 B.R. at 870–71. That statute provides:

> Title by Occupancy; extent
>
> Occupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession; but the title conferred by occupancy is not a sufficient interest in real property to enable the occupant or the occupant's privies to commence or maintain an action to quiet title, unless the occupancy has ripened into title by prescription.

The bankruptcy court concluded that, under California case law, "the mere possession of real estate is constantly treated as property, which may be purchased and sold, and for the recovery of which an *action may be maintained against*

---

Because we resolve this case without relying upon the provisions of § 715.050, we express no view on whether the state statute is preempted by the Bankruptcy Code.

*one having no better title.*"  *In re Butler*, 271 B.R. at 871 (citations omitted) (emphasis added).

The flaw in the bankruptcy court's analysis is that the unlawful detainer proceedings under § 1161a are expressly designed to determine who has superior title to the property, including the right to immediate possession.  *See Vella*, 572 P.2d at 30.  As a result, the prevailing party in the unlawful detainer proceeding under § 1161a has "better title" than the evicted resident.  *In re Butler*, 271 B.R. at 871.  The conclusion that the occupying resident retains an equitable possessory interest is inconsistent with § 1161a, which contemplates a final and binding adjudication of legal title and rights of immediate possession.  *See Mortg. Guarantee Co.*, 50 P.2d at 836; *see also Vella*, 572 P.2d at 30.  We therefore conclude that because Perl had no remaining interest in the property, legal or equitable, when the bankruptcy petition was filed, the bankruptcy court erred in concluding that Eden Place violated the automatic stay by executing the writ of possession.

The unlawful detainer judgment and writ of possession entered pursuant to California Code Civil Procedure § 415.46 bestowed legal title and *all* rights of possession upon Eden Place.  *See Vella*, 572 P.2d at 30.  Thus, at the time of the filing of the bankruptcy petition, Perl had been completely divested of all legal and equitable possessory rights that would otherwise be protected by the automatic stay.  *See id*.  Consequently, the Sheriff's lockout did not violate the automatic stay because no legal or equitable interests in the property remained to become part of the bankruptcy estate.  *See id.*; *see also* 11 U.S.C. § 541(a)(1) (describing the bankruptcy estate as consisting of "all legal or equitable

interests of the debtor in property as of the commencement of the case").

## IV.    *CONCLUSION*

The bankruptcy court erred when it ruled that Eden Place violated the automatic stay provisions of the Bankruptcy Code. Perl had no legal or equitable interest remaining in the property after issuance of the unlawful detainer judgment and writ of possession in state court. We therefore reverse the bankruptcy court order. We need not and do not reach any other issues presented on appeal.

**REVERSED.**

WATFORD, Circuit Judge, dissenting:

I would dismiss this appeal for lack of jurisdiction. The appeal is taken from a bankruptcy court order that cannot by any stretch be deemed final, even under the more relaxed standard for finality that we apply in bankruptcy appeals. *See Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015).

The bankruptcy court's June 28, 2013, order found that Eden Place had violated the automatic stay by evicting Perl and his wife from their home. The court postponed deciding whether damages or sanctions should be awarded as a remedy for that violation until a subsequent hearing scheduled for the following month. Rather than wait to see whether the bankruptcy court would actually award damages or sanctions, Eden Place immediately filed a notice of appeal. As it turned out, the bankruptcy court never held the subsequent hearing

because Perl failed to appear at a scheduled creditors' meeting, and the bankruptcy court therefore dismissed his Chapter 13 case altogether.

The Bankruptcy Appellate Panel (BAP) correctly held that dismissal of Perl's underlying bankruptcy case did not render his request for damages or sanctions moot. *See Price v. Rochford*, 947 F.2d 829, 831–32 (7th Cir. 1991). But the BAP did not make clear why it thought jurisdiction existed to hear the appeal. The BAP might have assumed that it had jurisdiction under 28 U.S.C. § 158(a)(1), which grants district courts (and by extension the BAP) jurisdiction over appeals "from final judgments, orders, and decrees." Or the BAP might have exercised jurisdiction under § 158(a)(3), which allows the BAP to hear appeals, "with leave of the court, from other interlocutory orders and decrees." Either way, we have jurisdiction to review the BAP's decision only if the underlying bankruptcy court order was in fact final. 28 U.S.C. § 158(d)(1). Since the BAP never addressed this issue, we have to do so in the first instance. *See In re Lievsay*, 118 F.3d 661, 662–63 (9th Cir. 1997) (per curiam).

Bankruptcy court orders are final and appealable "if they finally dispose of discrete disputes within the larger case." *Bullard*, 135 S. Ct. at 1692 (internal quotation marks omitted). So the question for us is whether the bankruptcy court's order finally disposed of the discrete dispute over Eden Place's alleged violation of the automatic stay. The answer to that question turns on which of two general rules applies. On the one hand, an order is not final if it determines liability but does not resolve the plaintiff's request for damages or other relief. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 744 (1976). On the other hand, an order resolving the merits of a dispute is final, even if it

leaves a request for attorney's fees unresolved. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200–02 (1988).

The first rule applies here. This is not a case in which the bankruptcy court resolved the merits of the dispute and left unresolved only a request for attorney's fees. The bankruptcy court's order merely determined liability; it left entirely unresolved the relief to be awarded, which included a potential award of compensatory and punitive damages as well as an award of attorney's fees. (Eden Place incorrectly asserts that Perl requested attorney's fees alone as relief; in fact, his motion requested all appropriate relief, including but not limited to attorney's fees.) Because the bankruptcy court's order determined liability but left the issue of damages unresolved, this case is governed by *Wetzel*. Under the finality rule established there, the bankruptcy court's order did not finally determine even "the discrete issue of whether there was a stay violation," Maj. op. at 12, because the order resolved only liability and nothing else.

Eden Place contends the bankruptcy court's order should be deemed final under *In re Dyer*, 322 F.3d 1178 (9th Cir. 2003). Our decision in that case construed 11 U.S.C. § 105(a), a catch-all provision granting bankruptcy courts the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 322 F.3d at 1184 n.3. We held that an order finding a violation of the automatic stay but postponing assessment of appropriate sanctions under § 105(a) is final and therefore immediately appealable. *Id.* at 1185–87. That ruling is probably wrong; a well-developed body of law holds that "[a] determination that contempt has occurred is not final if the question of sanctions is postponed." 15B Charles A.

Wright et al., *Federal Practice and Procedure* § 3917, at 377–78 (2d ed. 1992 & Supp. 2015) (collecting cases).

But we can put that matter to one side. The only portion of *Dyer* that has any bearing on this case is the court's observation, in dicta, that the finality analysis might be different if the court were confronted with an order finding a stay violation but postponing assessment of damages under 11 U.S.C. § 362(h) (now § 362(k)). 322 F.3d at 1186–87 n.10. Because § 362(k) authorizes an award of "damages," the finality of orders under that statute is controlled by *Wetzel*. We held that § 105(a), by contrast, is "a sanction authority only and, as such, controlled by the principles of *Budinich*." *Id.* at 1187 n.10. In support of that holding, we cited an Eleventh Circuit case, *In re Atlas*, 210 F.3d 1305, 1307–08 (11th Cir. 2000), for the proposition that the distinction between attorney's fees and damages is "crucial to [the] analysis" of whether an order finding a stay violation but not addressing remedies is final. *See In re Dyer*, 322 F.3d at 1187 n.10.

What we said in dicta in *Dyer* about the finality of orders under § 362(k) is entirely correct. Our sister circuits have uniformly held that an order finding a stay violation but postponing assessment of damages under § 362(k) is not final. *See In re Atlas*, 210 F.3d at 1307–08; *In re Fugazy Express, Inc.*, 982 F.2d 769, 774–76 (2d Cir. 1992); *Matter of Morrell*, 880 F.2d 855, 856–57 (5th Cir. 1989); *In re Brown*, 803 F.2d 120, 121–23 (3d Cir. 1986). Although there is some uncertainty as to whether an order finding a stay violation but leaving unresolved only the determination of *attorney's fees* is final, *see In re Porto*, 645 F.3d 1294, 1300–01 (11th Cir. 2011); *In re Johnson*, 501 F.3d 1163, 1168–69 (10th Cir. 2007), it is perfectly clear that an order finding a violation of

the automatic stay and postponing a determination of *damages* under § 362(k) is not final. Under that rule, which governs here, the bankruptcy court's order cannot be deemed final.

Whatever the merits of the rule established by *Dyer* for orders under § 105(a), it doesn't apply here. It's true that Perl cited § 105(a) in his moving papers when requesting sanctions for Eden Place's stay violation, but in fact no relief was available to him under that statutory provision. Individual debtors like Perl have a specific remedy available to them under § 362(k), so it would not be "necessary or appropriate" for the bankruptcy court to enforce the stay by imposing contempt sanctions under the catch-all authority granted by § 105(a). *See In re Snowden*, 769 F.3d 651, 661 (9th Cir. 2014) (citing *In re Roman*, 283 B.R. 1, 14–15 (9th Cir. BAP 2002)). The bankruptcy court recognized as much. At the hearing on Perl's motion, the court noted that it was considering the imposition of punitive damages, which are available under § 362(k) in some circumstances but not available under § 105(a) to remedy a past stay violation. *See In re Dyer*, 322 F.3d at 1192–93. And when the court later dismissed Perl's case, it retained jurisdiction over "all issues arising under Bankruptcy Code §[§] 110, 329 and 362." It did not retain jurisdiction to award any relief under § 105, presumably because it recognized that no such relief would be available.

What we are left with, then, is an order finding a stay violation but postponing until later a ruling on damages under § 362(k). Because that order addressed liability but deferred a determination of damages, it was not final under *Wetzel*, our dicta in *Dyer*, or the uniform holdings of our sister circuits. I would dismiss the appeal for lack of jurisdiction.