NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  RICHARD CHIU,<br><br>            Debtor.<br>_____<br><br>MIKE ROSEN,<br><br>            Appellant,<br><br>  v.<br><br>RICHARD CHIU,<br><br>            Appellee. | No. 17-60037<br><br>BAP No. 16-1071<br><br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Brand, and Spraker, Bankruptcy Judges, Presiding

Submitted October 18, 2018[**]
San Francisco, California

Before:  WALLACE and GRABER, Circuit Judges, and LASNIK,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Mike Rosen appeals the Ninth Circuit Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order partially avoiding his judgment lien against Richard Chiu's residence. Rosen argues that Congress's adoption of 11 U.S.C. § 522(f)(2) did not overrule our decision in City National Bank v. Chabot (In re Chabot), 992 F.2d 891 (9th Cir. 1993), and notwithstanding the partial avoidance of his lien, he should still be entitled to any nonexempt appreciation in the real property, up to the full amount of his lien. We have jurisdiction under 28 U.S.C. § 158(d).

We review decisions of the BAP de novo and apply the same standard of review that the BAP applied to the bankruptcy court decision. Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1090 (9th Cir. 2009). The BAP correctly applied 11 U.S.C. § 522(f) and Hanger v. Bank of America (In re Hanger), 196 F.3d 1292 (9th Cir. 1999) (order), aff'g & adopting 217 B.R. 592 (B.A.P. 9th Cir. 1997). Therefore, for the reasons set forth by the bankruptcy court and the BAP in their decisions, the decisions are **AFFIRMED.**

*Chiu v. Rosen*, No. 17-60037

WALLACE, Circuit Judge, concurring:

I concur in the result reached by the majority. Rosen's judicial lien was partially avoided under 11 U.S.C. § 522(f), and he was not entitled to any nonexempt appreciation in Chiu's residence. In so holding, the majority reviewed the BAP's decision and affirmed based on the "reasons set forth by the bankruptcy court and the BAP." I respectfully disagree with the majority's focus on the BAP's decision as the subject of our review.

We must independently review the *bankruptcy court's* decision, without deference to the BAP. *In re Perl*, 811 F.3d 1120, 1124 (9th Cir.), *cert. denied sub nom. Perl v. Eden Place, LLC*, 137 S. Ct. 39 (2016). The limited import of the BAP's decision here is emblematic of the BAP's limited role in the federal judiciary overall. The statute authorizing the creation of the BAP states that a circuit's judicial council can establish:

> a bankruptcy appellate panel service composed of bankruptcy judges . . . appointed by the judicial council . . . to hear and determine, with the consent of all the parties, appeals [from certain final judgments, orders, and decrees of bankruptcy judges]

28 U.S.C. § 158(b)(1). The creation of a BAP is not mandatory. A circuit's judicial council may establish a BAP based on its assessment of the judicial

1

resources available in the circuit and whether the service would cause undue delay or increased cost to the parties. *Id.* § 158(b)(1)(A)–(B). Once established, the BAP continues only so long as the judicial council chooses to keep it operational. *Id.* § 158(b)(2). The BAP is a temporary entity existing at the option of the judicial council.

Even then, its jurisdiction is narrowly defined by statute. The BAP does not have authority to hear appeals "unless the district judges for the district in which the appeal[ ] occur[s], by majority vote, have authorized [the BAP] to hear and determine appeals originating in such district." 28 U.S.C. § 158(b)(6). Its jurisdiction is further contingent upon the parties' consent, and the parties may choose to opt-out of having the BAP hear their case. *Id.* § 158(b)(1) (stating that the BAP will "hear and determine, with the consent of all the parties").

Our precedents have further narrowed the reach of BAP decisions. The decisions are not binding on the federal judiciary. *See In re Cardelucci*, 285 F.3d 1231, 1234 (9th Cir. 2002) ("[T]his Court is not bound by a [BAP] decision"); *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990) ("As article III courts, the district courts must always be free to decline to follow BAP decisions and to formulate their own rules within their jurisdiction"). We have never held, nor has the Judicial Council of the Ninth Circuit stated, "that all bankruptcy courts in the circuit are bound by the BAP." *In re Silverman*, 616 F.3d

2

1001, 1005 (9th Cir. 2010). As discussed, we review the decision of the bankruptcy court, not the BAP. *In re Perl*, 811 F.3d at 1124.

I emphasize both the proper focus of our review and the BAP's limited role because the constitutionality of the BAP itself is based on them. *In re Burley*, 738 F.2d 981, 985–86 (9th Cir. 1984) (holding BAP as constitutional because we effectively review the bankruptcy court's decision, have the authority to render final decisions, and exercise "control over the BAP in that the BAP can be established only by order of the circuit council"). Accordingly, the distinction between reviewing the bankruptcy court and reviewing the BAP is not merely semantic; it is constitutionally significant. I regret that our cases have been inconsistent on this point. *See, e.g.*, *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009).

Of course, independent review of the bankruptcy court does not mean that we ignore the BAP's decision completely. But, at most, we should treat it as a source of persuasive authority in our review of the bankruptcy court. This is akin to our treatment of agency rulings in our review of the district court. *Compare In re Silverman*, 616 F.3d at 1005 n.1 ("[W]e treat the BAP's decisions as persuasive authority given its special expertise in bankruptcy issues and to promote uniformity of bankruptcy law throughout the Ninth Circuit") *with United States v. Mead Corp.*, 533 U.S. 218, 234 (2001) (holding that an agency's interpretation of a

3

statute "may merit some deference . . . given the specialized experience and broader investigations and information available to the agency . . . and given the value of uniformity in . . . administrative and judicial understandings of what a national law requires").

In conclusion, I would affirm only the decision of the bankruptcy court, not the BAP.