**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



In re: ANTIONETTE WYNE THOMAS LOVE,

        Debtor,

_____

ANTIONETTE WYNE THOMAS LOVE,

        Plaintiff-Appellant,

  v.

PACIFICA SEACOVE, LP,

        Defendant-Appellee.

No.   17-55612

D.C. No. 2:16-cv-01362-PA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 7, 2018**
Pasadena, California

Before: WARDLAW, RAWLINSON, and HURWITZ, Circuit Judges.

_____

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Antionette Thomas Love (Love) appeals the district court's order affirming the bankruptcy court's dismissal of adversary proceedings brought against Appellee Pacifica Seacove LP (Pacifica), asserting violation of the automatic stay when Pacifica evicted Love during the course of her bankruptcy proceedings. Love contends that the bankruptcy court erred in relying on our decision in *Eden Place, LLC v. Sholem Perl (In re Perl)*, 811 F.3d 1120 (9th Cir. 2016). In that case, we held that execution of a writ of possession after unlawful detainer proceedings extinguished the occupant's legal and equitable possessory interests in the property. *See id.* at 1127-28. Nevertheless, Love maintains that her bankruptcy estate was not divested of her tenancy interest in the foreclosed residential property.

We are bound by our prior decision in *In re Perl*, which the bankruptcy court properly applied. *See United States v. Adkins*, 883 F.3d 1207, 1214 (9th Cir. 2018) (explaining that "we are bound to follow prior precedent unless it is overruled by this Court sitting en banc or by the Supreme Court") (citation omitted). Although Love asserts that she retained a possessory interest in the foreclosed rental property based on various state procedural protections and her status as a renter, "under California law, entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes *all* other legal and equitable possessory interests

2

in the real property at issue." *In re Perl*, 811 F.3d at 1127-28 (citation omitted) (emphasis added). "[W]hether [the debtor] had actual possession of the property when [she] filed for bankruptcy has no bearing on whether [she] had a cognizable possessory interest in the property." *Id.* at 1128. We recognized that "no occupant of the premises retains *any* possessory interest of *any kind* following service of the writ of possession." *Id.* at 1129 (emphases added). Because Pacifica was "the prevailing party in the unlawful detainer proceeding," it obtained "superior title to the property, including the right to immediate possession." *Id.* at 1130 (citation omitted). The bankruptcy court properly dismissed the adversary proceedings because neither Love nor her bankruptcy estate retained any interest in the property. *See id.*

      **AFFIRMED.**