NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JOSE R. SOLANO, JR.,<br>　　　　　　　Debtor. | BAP No. CC-25-1056-GNL<br><br>Bk. No. 2:25-bk-10920-VZ |
| JOSE R. SOLANO, JR.,<br>　　　　　　Appellant,<br>v.<br>ORANGE KANGAROO, LLC,<br>　　　　　　Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: GAN, NIEMANN, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Jose R. Solano, Jr. ("Debtor") appeals the

bankruptcy court's order granting stay relief to Orange Kangaroo, LLC

("Orange Kangaroo") to continue an unlawful detainer action in state

court. Orange Kangaroo purchased Debtor's former residence (the

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

"Property") through a nonjudicial foreclosure sale. After Debtor refused to vacate the Property, Orange Kangaroo commenced an unlawful detainer action, and Debtor filed a chapter 13 petition. The bankruptcy court granted Orange Kangaroo's motion for stay relief to allow it to continue state-court proceedings to remove Debtor from the Property.

Debtor disputes the validity of the foreclosure sale, and he argues the bankruptcy court violated his due process rights by granting stay relief without an evidentiary hearing. But the recorded Trustee's Deed upon Sale ("Trustee's Deed") establishes Orange Kangaroo's presumptive ownership interest, and it is sufficient to establish both a colorable claim and cause for stay relief. Debtor is free to assert in state court any argument or defense regarding the propriety of the foreclosure or Orange Kangaroo's purported ownership. He does not demonstrate any abuse of discretion by the bankruptcy court. Accordingly, we AFFIRM, but for the reasons discussed below, we MODIFY the stay relief order to clarify that it is applicable only in the present bankruptcy case.

## FACTS[2]

### A.    Prepetition Events

Due to nonpayment of his mortgage, Debtor's lender conducted a nonjudicial foreclosure of the Property on March 5, 2024. Orange Kangaroo

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case and related cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

purchased the Property at the sale, and it recorded the Trustee's Deed on May 1, 2024. After providing Debtor notice to vacate, Orange Kangaroo filed an unlawful detainer action (the "UD Action") on May 16, 2024.

In July 2024, Debtor removed the UD Action to the United States District Court for the Central District of California ("District Court"). He also filed a separate lawsuit in District Court, asserting claims against Orange Kangaroo and others, for illegal eviction, fraud, violations of civil rights, and other relief. The District Court remanded the UD Action in October 2024 and ultimately dismissed Debtor's complaint in March 2025.

**B.      Debtor's bankruptcy and the motion for stay relief**

In February 2025, Debtor filed a chapter 13 petition. Orange Kangaroo filed a motion for stay relief, seeking to continue the UD Action against Debtor. In opposition, Debtor argued: (1) Orange Kangaroo failed to correct an erroneous courtroom number in its hearing notice which rendered the motion for stay relief procedurally defective; (2) Orange Kangaroo lacked standing to pursue stay relief; (3) Orange Kangaroo perpetrated fraud upon the court by submitting the Trustee's Deed without valid proof of payment; (4) the Trustee's Deed did not prove Orange Kangaroo's ownership; and (5) there was no valid basis to lift the stay. Debtor argued that the Property was owned by an entity called Worldwide Walkie Talkie, and he attached a warranty deed, dated after the foreclosure sale, purporting to transfer title from Debtor to Worldwide Walkie Talkie. While the stay relief motion was pending, Debtor filed a motion to cancel

the Trustee's Deed, asserting the same arguments he made in his opposition to stay relief.

At the March 11, 2025 hearing, the bankruptcy court reasoned that Orange Kangaroo had provided admissible evidence of ownership in the form of the Trustee's Deed, and state court was the appropriate forum in which to challenge its ownership. The court entered an order on March 14, 2025, granting stay relief under § 362(d)(1) and waiving the fourteen-day stay under Rule 4001(a)(4).[3]

Debtor timely appealed, and the bankruptcy court denied his request for a stay pending appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by granting stay relief?

## STANDARD OF REVIEW

We review an order granting stay relief for an abuse of discretion. *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 915 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or

---

[3] One day before entry of the stay relief order, Debtor removed the UD Action to the bankruptcy court. The bankruptcy court remanded the UD Action to state court on June 24, 2025.

without support in the record. *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Debtor argues that the bankruptcy court erred by granting stay relief without an evidentiary hearing and by disregarding his equitable interest in the Property. He claims that the defective notice violated his right to due process, and the court should have considered his motion to cancel the Trustee's Deed before granting stay relief. He argues the court erred by waiving the fourteen-day stay under Rule 4001 and by granting relief under § 362(d)(4) without findings or an evidentiary basis. None of these arguments have merit.

## A. The bankruptcy court did not err by granting stay relief.

Pursuant to § 362(d)(1), "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." We must determine what constitutes "cause" for stay relief on a case-by-case basis. *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009).

Motions for stay relief are summary proceedings. *See Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985) ("Hearings on relief from the automatic stay are thus handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing." (citation omitted)). Stay relief proceedings "should not

5

involve an adjudication on the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate." *Biggs v. Stovin (In re Luz Int'l)*, 219 B.R. 837, 842 (9th Cir. BAP 1998); *see also Jin Qing Li v. Rosen (In re Jin Qing Li)*, BAP No. NC-17-1062-STaB, 2018 WL 1354548, at *4 (9th Cir. BAP Mar. 12, 2018) (noting that "bankruptcy courts have the discretion to 'consider' the defective nature of the creditor's interests" but "motions for relief from stay may not be used to determine the scope and enforceability of a creditor's interest in property of the estate" (citations omitted)).

Thus, it was not necessary for the bankruptcy court to conduct an evidentiary hearing to resolve Debtor's asserted defenses to the eviction. The court had discretion to grant or deny stay relief so long as Orange Kangaroo presented a colorable claim to the Property. *In re Veal*, 450 B.R. at 913-14.

Under California law, the Trustee's Deed establishes Orange Kangaroo as the presumptive owner of the Property. *See* Cal. Civ. Code § 2924(c); *Kalnoki v. First Am. Tr. Servicing Sols., LLC*, 8 Cal. App. 5th 23, 45 (2017) (stating that a purchaser at a nonjudicial foreclosure "receives title under a trustee's deed free and clear of any right, title or interest of the trustor" and a recorded trustee's deed indicating compliance with statutory notice and procedures creates "a rebuttable presumption . . . that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." (cleaned up)).

6

The Trustee's Deed is clearly sufficient to establish that Orange Kangaroo has a colorable claim, and because Orange Kangaroo is the presumptive legal owner of the Property, the bankruptcy court did not abuse its discretion by finding cause to lift the stay to allow the UD Action to proceed.

Debtor claims that the bankruptcy court ignored his equitable interest in the Property, but the mere fact that Debtor asserts an interest in the Property does not negate the existence of cause for stay relief. He can assert his claims and defenses in the UD Action, and as the bankruptcy court reasoned, state court is the proper forum to resolve Debtor's claim to superior title. *See Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1130 (9th Cir. 2016) (noting that unlawful detainer proceedings under Cal. Code Civ. Proc. § 1161a, after a nonjudicial foreclosure, "are expressly designed to determine who has superior title to the property, including the right to immediate possession"). And the bankruptcy court was not required to delay stay relief until it decided Debtor's motion to cancel the Trustee's Deed. Bankruptcy courts have broad discretion to grant stay relief for cause, even where a debtor has initiated a related proceeding. *See Ho v. Bank of Am. (In re Ho)*, BAP No. CC-10-1363-MkPaD, 2011 WL 4485895, at *6 (9th Cir. BAP Aug. 9, 2011).

Debtor's remaining procedural and due process arguments are similarly unavailing. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

7

the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). An alleged due process violation cannot constitute reversible error unless the party asserting the violation can demonstrate prejudice. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776-77 (9th Cir. 2008), *partially abrogated on other grounds as recognized by Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956, 962 (9th Cir. 2021). The hearing notice contained an incorrect courtroom number, but the mistake caused Debtor no prejudice. The hearing was conducted by video, and Debtor appeared and argued his opposition to stay relief. He cannot demonstrate reversible error based on an error in the hearing notice.

Finally, Rule 4001(a)(4) provides that a stay relief order is stayed for fourteen days unless the court orders otherwise. The Rules do not impose any condition on the court's ability to waive the fourteen-day stay and Debtor offers no argument why the court's decision was erroneous. Moreover, the purpose of the fourteen-day stay is to allow a party opposing stay relief a short period of time to seek a stay pending appeal. 9 COLLIER ON BANKRUPTCY ¶ 4001.05 (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2025)). Debtor removed the UD Action to the bankruptcy court one day before the stay relief order was entered, and his motion for a stay pending appeal was filed and decided before the bankruptcy court remanded the UD Action. Thus, even if Debtor could demonstrate some

basis for error, the purpose of the fourteen-day stay was satisfied and any error was harmless.

**B.    Stay relief under § 362(d)(1) is not applicable to subsequent bankruptcy filings.**

Debtor argues that the court erred by granting relief under § 362(d)(4) without making required findings to support the relief. Orange Kangaroo did not seek in rem relief under § 362(d)(4), and because it was not a secured creditor, it would have lacked standing to pursue stay relief under that section.[4]

The court granted stay relief only under § 362(d)(1). But the court's order stated: "It is further ordered that Movant is authorized to regain possession of Movant's property pursuant to the ruling in *In re Smith*[,] 105 B.R. 50 (Bankr. C.D. Cal. 1989) **despite the filing of this or any other bankruptcy petition**." (emphasis added). Because the bankruptcy court did not grant in rem relief under § 362(d)(4), the stay relief order is applicable only in the present case. *See Johnson v. TRE Holdings LLC (In re Johnson)*, 346 B.R. 190, 195-97 (9th Cir. BAP 2006) (concluding that bankruptcy courts lack authority to impose in rem stay relief except under § 362(d)(4)).

Thus, we MODIFY the stay relief order to remove the language purporting to make stay relief applicable in a subsequent bankruptcy case.

---

[4] Section 362(d)(4) provides that the bankruptcy court may terminate the automatic stay "with respect to a stay of an act against real property under subsection (a), **by a creditor whose claim is secured by an interest in such real property** . . . ." (emphasis added).

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order granting stay relief and MODIFY the order to clarify that stay relief is applicable only in the present case.