Alfred J. BIANCO, as Plan Administrator to the Estate of Gaston & Snow; George Panagiotou, Plaintiffs—Appellees,

v.

Robert A. ERKINS; Bernardine Erkins, Defendants—Appellants.

No. 02–35218.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred Nov. 6, 2003 *.

Submitted July 13, 2007.

Filed July 17, 2007.

Edwin A. McCabe, Esq., McCabe Brown Tipton, P.C., Boston, MA, for Plaintiffs–Appellees/Defendants–Appellants.

Joseph H. Reinhardt, Esq., Douglas M. Marrano, Esq., The McCabe Group, Boston, MA, H. James Magnuson, Esq., Coeur D'Alene, ID, for Defendants–Appellants.

Before: WARDLAW, GOULD, and PAEZ, Circuit Judges.

---

\* Proceedings in this case were stayed pursuant to 11 U.S.C. § 362 pending the outcome of bankruptcy proceedings.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

**MEMORANDUM \*\***

Robert and Bernardine Erkins ("the Erkins") appeal the district court's decision not to quash the writ of execution and extinguish the judgment liens on the Erkins' real property located in Jerome and Gooding Counties in the State of Idaho. Appellee Bianco had sought to levy upon this real property in an effort to execute a judgment entered in his favor against the Erkins. Although the property has since been sold pursuant to the district court's order, the Erkins seek "an order quashing the writ of execution and extinguishing the judgment liens." The Erkins make no further prayer for relief.

On December 27, 2001, the district court issued a writ of execution on the Erkins' real property. The Erkins moved for reconsideration of the district court's order and to enjoin the U.S. Marshal's sale of the property. On February 6, 2002, the district court denied both motions, noting that because the Erkins had not posted a supersedeas bond that would have preserved the status quo pending appeal, the sale could proceed:

> Given the Court's decision to deny [the Erkins'] and [the Erkins' children's] [1] motions to reconsider, the Court will also deny their motions to stay as they relate to [Federal Rule of Civil Procedure] 62(b), which permits a stay pending disposition of motions for new trial or to alter or amend a judgment. With respect to [the Erkins'] and [their children's] motions to stay, as they relate to an appeal, Rule 62(d) provides that a claimant may post a bond at or after the filing of a notice of appeal, and such a stay is

---

1. In a separate memorandum disposition, filed on December 24, 2003, we resolved the claims of the Erkins' children—Intervenors in a consolidated matter—to the various items of personal property seized by the U.S. Marshals from the Erkins' real property.

effective when the bond is approved. Neither [the Erkins] nor [their children] have produced such a bond in this case, nor have they shown any intention to do so. Therefore, the Court will deny the motions.

The foreclosure sale took place as scheduled on February 12, 2002. The real property lying at the heart of the Erkins' appeal was sold in accordance with the district court's February 6, 2002 memorandum decision and order.

Because the property has been sold, and because no claim for damages was asserted in the district court, the Erkins' claim to the property is moot. "A controversy is moot, and therefore nonjusticiable, when it is no longer 'ongoing,' or where the court is no longer capable of 'affect[ing] the rights of litigants in the case before [it].'" *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.*, 196 F.3d 958, 963 n. 1 (9th Cir. 1999) (alterations in original).

We decline to review the district court's ruling on the Erkins' due process claims relating to the notice procedures followed for Bianco's execution of his judgment against the Erkins, because the appeal has been rendered moot by the sale of the property.

When mootness occurs during the pendency of the appeal, the proper course is to vacate the district court's opinion and remand the case for dismissal. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). We therefore **VACATE** the district court's decision and **REMAND** with instructions to dismiss.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.