
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>EDGAR AUGUSTO MEINHARDT<br>ITURBE,<br><br>       Debtor. | BAP No. CC-23-1093-CSG<br><br>Bk. No. 9:23-bk-10022-RC |
| EDGAR AUGUSTO MEINHARDT<br>ITURBE,<br><br>       Appellant,<br>v.<br>SUNNY ACRE LLC,<br><br>       Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Ronald A. Clifford III, Bankruptcy Judge, Presiding

Before: CORBIT, SPRAKER, and GAN Bankruptcy Judges.

## INTRODUCTION

Chapter 13 debtor[1] Edgar Augusto Meinhardt Iturbe ("Meinhardt Iturbe") appeals the bankruptcy court's order granting the motion of creditor Sunny Acre LLC ("Sunny Acre") for relief from the automatic stay to continue an unlawful detainer proceeding against Meinhardt Iturbe in state court. Sunny

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

Acre had acquired title to the property at issue through a prepetition nonjudicial foreclosure sale. Despite the sale, Meinhardt Iturbe refused to quit the premises and filed a bankruptcy petition to forestall his eviction. After the bankruptcy court granted Sunny Acre relief from stay, and during the time this appeal was pending, Sunny Acre obtained judgment in the unlawful detainer action and lawfully evicted Meinhardt Iturbe from the property. Because Meinhardt Iturbe no longer has any legal or equitable interest in the property, any ruling by this Panel reversing the bankruptcy court's order would not give Meinhardt Iturbe any effective relief. Consequently, we DISMISS this appeal as moot.

## FACTS

### A. Court actions related to the property

The material facts are not in dispute. Meinhardt Iturbe and Reinaldo Gonzalez Suarez created Corp. Realty USA, LLC ("Corp. Realty") to hold a single-family residential property located on Pacific View Drive in Malibu, California (the "Property"). Meinhardt Iturbe, on behalf of Corp. Realty, obtained a loan to purchase the Property. Repayment of the loan was secured by a first position deed of trust on the Property. The original loan was refinanced and transferred to new lenders several times.

Since at least 2018, after repeated defaults, various lenders have attempted to foreclose on the Property. On a few occasions, Meinhardt Iturbe forestalled foreclosure by obtaining new financing. Meinhardt Iturbe also, in his own name or on behalf of Corp. Realty, filed three previous bankruptcy petitions (in 2018, 2019, and 2020) in an effort to thwart foreclosure of the Property. Each of the

2

three bankruptcies was subsequently dismissed based on determinations by the bankruptcy court that the petitions were filed in bad faith.

On March 30, 2020, after Corp. Realty defaulted and the most recent lender sought foreclosure, Meinhardt Iturbe and Corp. Realty filed a complaint against the lender in state court, alleging 16 causes of action ("Title Action").[2] Meinhardt Iturbe and Corp. Realty also sought a temporary restraining order as to the lender's pending foreclosure sale. After filing the Title Action, Corp. Realty transferred the Property to Meinhardt Iturbe by quitclaim deed without the lender's knowledge or approval.

On June 2, 2020, the state court denied Meinhardt Iturbe's and Corp. Realty's request for a temporary restraining order. The following day (which was also the morning before the lender's scheduled foreclosure sale), Meinhardt Iturbe filed the 2020 bankruptcy petition. The bankruptcy immediately stayed the lender's foreclosure sale.

The lender filed a motion for relief from the automatic stay to proceed with the nonjudicial foreclosure of the Property. After significant briefing by both parties and an evidentiary hearing, the bankruptcy court determined that the lender was entitled to relief from the automatic stay pursuant to § 362(d)(1) and (4), because the bankruptcy petition was filed in bad faith, the Property was not necessary for reorganization, and the bankruptcy petition was part of Meinhardt Iturbe's scheme to hinder, delay, or defraud creditors.

---

[2] Los Angeles Superior Court Case No. 20SMCV00492.

**B.      Nonjudicial foreclosure sale of the Property**

After the 2020 bankruptcy court granted relief from stay, the lender sold the Property at a nonjudicial foreclosure sale to Sunny Acre and a trustee's deed upon sale was recorded on August 24, 2020. Despite the sale, Meinhardt Iturbe refused to vacate the Property. Consequently, on October 8, 2020, Sunny Acre served Meinhardt Iturbe with a 3-day notice to quit the premises. When Meinhardt Iturbe still refused to leave, Sunny Acre filed an unlawful detainer action in state court on October 20, 2020 (the "UD Action").

Resolution of the UD Action was delayed because Meinhardt Iturbe filed a variety of frivolous motions including several motions to remove to federal court, several motions to quash, and a writ of mandate. All of Meinhardt Iturbe's motions were denied. Despite Meinhardt Iturbe's persistent attempts to delay and forestall, the UD Action was set for trial in early January 2023 (over two years after Sunny Acre purchased the Property and filed the UD Action).

**C.      Meinhardt Iturbe's 2023 chapter 13 bankruptcy**

Before the first day of trial, Meinhardt Iturbe filed a chapter 13 petition, staying any further litigation in the UD Action ("2023 Bankruptcy"). Sunny Acre filed a motion for an order confirming that the automatic stay did not apply or in the alternative, a motion for relief from the automatic stay to continue the UD Action in the state court.

In support of its motion, Sunny Acre recited the history of the Property including a reminder to the bankruptcy court that relief from the automatic stay was granted in the three previous bankruptcy cases and that Sunny Acre had purchased the Property at a valid nonjudicial foreclosure sale in 2020.

Therefore, it argued, Meinhardt Iturbe had no remaining ownership interest in the Property.

Sunny Acre also maintained that it had been attempting to enforce its interest and possession of the Property for more than two years. Sunny Acre detailed what it described as Meinhardt Iturbe's numerous, frivolous, staggered, and untimely prejudgment claims and filings.

Sunny Acre argued that the 2023 Bankruptcy, similar to the previous bankruptcies, was frivolous, filed in bad faith, and another example of Meinhardt Iturbe's attempts to frustrate the judicial process. Sunny Acre requested that the hearing on its motion for relief from the automatic stay be on shortened time because the trial in the UD action was set to recommence on January 30, 2023.

Meinhardt Iturbe opposed Sunny Acre's motion. Meinhardt Iturbe argued that Sunny Acre had an ample equity cushion, that the foreclosure was wrongful, that the Property was necessary for an effective reorganization, and that he had a prepaid lease with an option to purchase the Property. Meinhardt Iturbe also argued that all title and possession issues should be removed from the state court and determined by the bankruptcy court.

Almost five months later the bankruptcy court entered a tentative ruling granting Sunny Acre's motion for relief from stay. On May 11, 2023, based on its tentative ruling, the bankruptcy court entered an order granting Sunny Acre relief from the automatic stay (the "Stay Relief Order") pursuant to § 362(d)(1) to "allow the UD Action to proceed to judgment," and if Sunny Acre was successful in the UD Action, "to cause a designated law enforcement office to

5

evict the Debtor and any other occupant from the Property, regardless of any future bankruptcy filing concerning the Property for a period of 180 days from entry of an order on the Motion for Relief without further notice."

Meinhardt Iturbe timely appealed. Meinhardt Iturbe also filed a motion to stay the Stay Relief Order pending appeal, which was denied on July 14, 2023.[3]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (2)(G). We discuss our jurisdiction under 28 U.S.C. § 158 below.

## ISSUES

Is this case moot?

Did the bankruptcy court abuse its discretion in granting relief from stay?

Did the bankruptcy court deny Meinhardt Iturbe procedural due process?

## STANDARD OF REVIEW

We review questions regarding our jurisdiction de novo. *See Belli v. Temkin (In re Belli)*, 268 B.R. 851, 853 (9th Cir. BAP 2001); *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 903 (9th Cir. BAP 1999). "De novo review requires that we

---

[3] On May 22, 2023, the bankruptcy court issued an order to show cause why it should not dismiss Iturbe's bankruptcy case with a bar prohibiting Iturbe from filing another petition within 180 days. On July 7, 2023, the bankruptcy court entered an order of dismissal with special filing restrictions. That order is the subject of a separate appeal, BAP No. CC-23-1127, which was transferred to the District Court upon Sunny Acre's election. Additionally, Iturbe has appealed to the District Court the bankruptcy court's denial of his motion to remove the Title Action from state court to the bankruptcy court. *See* Case No. 9:23-ap-01013-RC.

consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

### A.    Request for Judicial Notice

Under Federal Rule of Evidence 201, a court may take "judicial notice [of] a fact that is not subject to reasonable dispute" if it is "generally known" in the jurisdiction or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is appropriate for "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Judicial notice of matters of public record is appropriate if the facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Facts contained in public records are considered appropriate subjects of judicial notice. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

In this case, Sunny Acre requests the Panel take judicial notice of court filings related to the appeal including: (1) the judgment on the jury verdict in its favor in the UD Action; (2) the writ of possession served on Meinhardt Iturbe; (3) the California Court of Appeal's order denying Meinhardt Iturbe's petition for stay; and (4) the California Supreme Court's order denying Meinhardt Iturbe's petition for review and application for stay.

7

Because the documents are filings in other courts that have a direct relation to matters at issue, judicial notice is appropriate.

## B.    Mootness

Before considering the merits of Meinhardt Iturbe's appeal, the Panel must determine its own jurisdiction over this appeal. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 997-98 (9th Cir. 2005). The Panel lacks jurisdiction to hear moot appeals. *I.R.S. v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). In addition, if an appeal becomes moot while it is pending before us, we must dismiss it. *Id.*at 900-01; *see also Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989) ("If events subsequent to the filing of an appeal moot the issues presented in a case, no justiciable controversy is presented." (citations omitted)).

The doctrine of mootness arises from Article III of the Constitution, which limits the jurisdiction of all federal courts to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1; *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012). An appeal is constitutionally moot if it is impossible for the court to give the appellant any effective relief in the event that the court decides the matter on the merits in the appellant's favor. *Chafin v. Chafin*, 568 U.S. 165, 172, (2013); *In re Thorpe Insulation Co.*, 677 F.3d at 880. The sale of a debtor's property to a non-party is an example of the type of event that supports dismissal for constitutional mootness. *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998); *Harms v. Bank of N.Y. Mellon (In re Harms)*, 603 B.R. 19, 26 (9th Cir. BAP 2019) ("Once a nonjudicial foreclosure has occurred, appeals from relief from stay orders typically are considered moot.").

8

State law establishes the property rights of the parties and determines whether those rights are obtained pre- or post-petition. *Butner v. United States*, 440 U.S. 48, 54-55 (1979); *Eden Place LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1127 (9th Cir. 2016). In California, "entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue." *In re Perl*, 811 F.3d at 1127-28. The filing of a bankruptcy petition cannot reinstate the debtor's title. *See In re Hager*, 651 B.R. 873, 880-81 (Bankr. E.D. Cal. 2023) (construing Cal. Civ. Code § 2924h(c)).

In this case, it is undisputed that the Property was sold, and a trustee's deed recorded, prior to Meinhardt Iturbe's 2023 Bankruptcy. Then, during the time this appeal was pending, Sunny Acre obtained judgment in the UD Action and lawfully evicted Meinhardt Iturbe from the Property pursuant to a writ of possession. Consequently, pursuant to California law, Meinhardt Iturbe no longer has any legal or equitable possessory interest in the Property.

Because Meinhardt Iturbe no longer has any legal or equitable possessory interest in the Property, it is impossible for the Panel to provide him any effective relief even if it decided the matter on the merits in his favor. Any reversal of the bankruptcy court's Stay Relief Order would not undo the state court actions and rulings taken in reliance on the Stay Relief Order. Therefore, the reversal "would not in any meaningful way change . . . [Meinhardt Iturbe's] status, position or rights vis-a-vis the Property or the eviction proceedings." *McKinney v. Kondaur Cap. Corp. (In re McKinney)*, BAP No. AZ-10-1393-MkMaD,

2011 WL 4503131, at \*3 (9th Cir. BAP July 7, 2011), *aff'd*, 531 F. App'x 816 (9th Cir. 2013).

Accordingly, the controversy regarding possession of the Property is no longer "ongoing," and the Panel is no longer capable of "affect[ing] the rights of litigants in the case before [it]." *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.*, 196 F.3d 958, 963 n.1 (9th Cir. 1999) (alterations in original). For this reason, we determine it is impossible for the Panel to give Meinhardt Iturbe any effective relief and therefore the appeal is constitutionally moot.

Because the appeal is moot, we have no jurisdiction to determine whether the bankruptcy court abused its discretion in granting Sunny Acre relief from the automatic stay. We also decline to review Meinhardt Iturbe's procedural due process claims. *See Bianco v. Erkins*, 235 F. App'x 429, 430 (9th Cir. 2007) (declining to review due process claims when appeal is moot based on sale of subject property).

## CONCLUSION

For the reasons stated above, we DISMISS.